IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01294-BNB

WILLIAM LEE LORNES, also known as
WILLIAM LEE LORNES the III, also known as
WILLIAM,

    Applicant,

v.

HERNANDEZ,
SHAFFER,
MARTÍNEZ,
AERONAL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO WILLSON [sic],

    Respondents.

## ORDER DISMISSING CASE AND DIRECTING APPLICANT TO SHOW CAUSE

    Applicant, William Lee Lornes, also known as William Lee Lornes the III and William, currently is incarcerated at the Denver County Jail.

    Mr. Lornes, acting *pro se*, submitted to the Court on May 7, 2014, a pleading titled Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1), an Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees Pursuant to § 13-17.5-103, C.R.S. (ECF No. 2), and tendered a document titled "Finding and Order Concerning Inmate Motion Requesting Waiving Prepayment of Filing/Service Fees" (ECF No. 3).

    Magistrate Judge Boyd N. Boland reviewed the documents and determined they were deficient. On May 8, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Lornes to cure within thirty days certain enumerated deficiencies in the documents he filed. Magistrate Judge Boland directed Mr. Lornes to

obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The May 8 order directed Mr. Lornes to complete and submit these forms. Specifically, Mr. Lornes was ordered to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in a Habeas Corpus Action, together with a certificate showing the current balance in his prison account, among curing other deficiencies. Alternatively, he was informed he could pay the $5.00 filing fee for a habeas corpus action.

Of the numerous motions Mr. Lornes filed seeking leave to proceed pursuant to § 1915, only the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 18) filed on May 22, 2014, cured the deficiencies in the Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees Pursuant to § 13-17.5-103, C.R.S. (ECF No. 2), and tendered document titled "Finding and Order Concerning Inmate Motion Requesting Waiving Prepayment of Filing/Service Fees" (ECF No. 3). Therefore, ECF No. 18 was granted. The following motions seeking leave to proceed pursuant to § 1915 were denied as moot:  ECF Nos. 2, 6, 7, 8, 9, 15, 16, 17, 19, 25.

On May 22, 2014, Mr. Lornes filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 13) and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 12), each of which was barely intelligible and neither of which appeared to assert habeas corpus claims, and another Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 14), which appeared to assert habeas corpus claims but was an inappropriate form

for a state prisoner to use to attack a state conviction. In the habeas corpus applications (ECF Nos. 12 and 13), Mr. Lornes appeared to be asserting civil rights claims pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement.

On June 19, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 30) directing Mr. Lornes to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Enclosed with the June 19 order was a copy of the Court-approved form Mr. Lornes was directed to use to assert his habeas corpus claims. A copy of the form was enclosed because it was apparent that Mr. Lornes could not or would not identify and use the proper form. On June 30, 2014, Mr. Lornes submitted an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 32).

The Court must construe liberally Mr. Lornes' amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied. In addition, Mr. Lornes will be directed to show cause why he should not be prohibited from filing new actions without either the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado or the permission of the Court to proceed *pro se.*

In the amended application submitted on June 30, Mr. Lornes asserts nearly unintelligible claims concerning the conditions of his confinement.

In the June 19 order to amend, Magistrate Judge Boland explained the difference between habeas corpus applications and civil rights complaints, which I reiterate here.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).  "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings."  *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Magistrate Judge Boland explained that Mr. Lornes may pursue habeas corpus claims in the instant action attacking the validity of his conviction.  He further explained that if Mr. Lornes intended to challenge the execution of his sentence, he must file a separate habeas corpus application pursuant to § 2241.  He also explained that if Mr. Lornes intended to assert civil rights claims challenging the conditions of his confinement, he must file a separate civil rights action pursuant to § 1983.  Magistrate Judge Boland made clear that Mr. Lornes may not proceed in the instant action by submitting any pleading other than the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the Court would mail him.  He also made clear that Mr. Lornes may not name as Respondent any individual other than his custodian, i.e., the warden of the Denver County Jail.  As previously stated, the amended application Mr. Lornes

submitted on June 30 asserts against multiple Respondents nearly unintelligible claims concerning the conditions of his confinement. Therefore, the amended application will be denied and the action dismissed for failure to comply with the directives of the June 19 order to amend.

Mr. Lornes has initiated thirty-two habeas corpus and civil rights actions, including the instant action, in this Court since 2012, none of which has he been able to pursue in a proper manner, all of which have been dismissed:

1. *Lornes v. Raiass*, No. 12-cv-00638-LTB (D. Colo. Apr. 23, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
2. *Lornes v. District 5*, No. 12-cv-01462 (D. Colo. Aug. 3, 2012), dismissed without prejudice for failure to file an amended complaint as directed within the time allowed;
3. *Lornes v. Distric* [sic] #5, No. 12-cv-01463-LTB (D. Colo. Aug. 3, 2012), dismissed without prejudice for failure to file an amended complaint as directed within the time allowed;
4. *Lornes v. MHCED*, No. 12-cv-01464-LTB (D. Colo. Aug. 3, 2012), dismissed without prejudice for failure to file an amended complaint as directed within the time allowed;
5. *Lornes v. Carpender*, No. 12-cv-01465-LTB (D. Colo. July 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
6. *Lornes v. Carpender*, No. 12-cv-01466-LTB (D. Colo. June 5, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
7. *Lornes v. Mental Health Corp.*, No. 12-cv-01467-LTB (D. Colo. Aug. 27, 2012), dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure;
8. *Lornes v. Carpender*, No. 12-cv-01468-LTB (D. Colo. July 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
9. *Lornes v. Carpender*, No. 12-cv-01469-LTB (D. Colo. July 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
10. *Lornes v. Carpendr*, No. 12-cv-01470-LTB (D. Colo. July 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
11. *Lornes v. Jhon*, No. 12-cv-01787-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time

allowed;
12. *Lornes v. Jhon*, No. 12-cv-01791-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
13. *Lornes v. Dow*, No. 12-cv-01792-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
14. *Lornes v. Dow*, No. 12-cv-01793-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
15. *Lornes v. Jhon*, No. 12-cv-01797-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
16. *Lornes v. Jhon*, No. 12-cv-01799-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
17. *Lornes v. Doe*, No. 12-cv-01800-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
18. *Lornes v. Doe*, No. 12-cv-01801-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
19. *Lornes v. Amdujar*, No. 12-cv-02219-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to file an amended complaint as directed within the time allowed;
20. *Lornes v. Amdujar*, No. 12-cv-02222-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to file an amended complaint as directed within the time allowed;
21. *Lornes v. Pall*, No. 12-cv-02223-LTB (D. Colo. Aug. 17, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
22. *Lornes v. Carpender*, No. 12-cv-02224-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
23. *Lornes v. Washburn*, No. 12-cv-02354-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed and for failure to prosecute;
24. *Lornes v. Washburn*, No. 12-cv-02355-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed and for failure to prosecute;
25. *Lornes v. Washburn*, No. 12-cv-02356-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
26. *Lornes v. Washburn*, No. 12-cv-02357-LTB (D. Colo. Oct. 19, 2012), dismissed without prejudice for failure to cure deficiencies within the time allowed;
27. *Lornes v. Willson*, No. 13-cv-00708-LTB (D. Colo. Apr. 24, 2013),

      dismissed without prejudice for failure to cure deficiencies within
      the time allowed and for failure to prosecute;
28. *Lornes v. Ramaro*, No. 13-cv-00709-LTB (D. Colo. Apr. 24, 2013),
    dismissed without prejudice for failure to cure deficiencies within
    the time allowed and for failure to prosecute;
29. *Lornes v. Cook*, No. 13-cv-00712-LTB (D. Colo. May 24, 2013), dismissed
    without prejudice for failure to comply with the pleading
    requirements of Rule 8 of the Federal Rules of Civil Procedure;
30. *Lornes v. Arapho Police Dep't*, No. 13-cv-00714-LTB (D. Colo. May 24,
    2013), dismissed without prejudice for failure to comply with the
    pleading requirements of Rule 8 of the Federal Rules of Civil
    Procedure, dismissed on appeal for lack of prosecution;
31. *Lornes v. Syborn*, No. 13-cv-02144-LTB (D. Colo. Sept. 18, 2013),
    dismissed without prejudice for failure to cure deficiencies within
    the time allowed and for failure to prosecute; and
32. *Lornes v. Hernandez*, No. 14-cv-01294-BNB (D. Colo. filed May 6, 2014),
    pending before the Court.

  In twenty-three of these actions, Mr. Lornes failed to cure deficiencies. Four of the twenty-three actions also were dismissed for failure to prosecute. In five actions, Mr. Lornes failed to file an amended complaint as directed. In three actions, Mr. Lornes was unable to file a complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. Despite the Court's repeated efforts to allowed Mr. Lornes to proceed *pro se* in this Court, he is unable to represent himself properly.

  In the June 19 order to amend, Magistrate Judge Boland warned that Mr. Lornes may not abuse the judicial process by filing unnecessary documents and relying upon the Court to determine which documents are appropriately filed and which are not. In the instant action, Magistrate Judge Boland warned Mr. Lornes that the Court may impose appropriate sanctions against *pro se* litigants who abuse the judicial process, a warning I reiterate here.

  "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations

omitted) (per curiam).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d at 352).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Andrews*, 483 F.3d at 1077.

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party.  *See* Fed. R. Civ. P. 11(c).  Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable.  *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't*

*v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process.  *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353-54.  Mr. Lornes has the right to notice and to oppose, in writing, the imposition of future restrictions.  *See Tripati*, 878 F.2d at 354.

Having review the cases Mr. Lornes has filed in this Court, the Court finds that he is not capable of proceeding *pro se* in litigation in this Court.  While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines,* 404 U.S. at 519, the Court is not obligated to continue to accept the filing of lawsuits Mr. Lornes initiates, but is unable to pursue in a proper manner.  The Court, therefore, will direct Mr. Lornes to show cause why he should not be prohibited from filing new civil actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission from the court to proceed *pro se*.  In order to obtain permission to proceed *pro se*, Mr. Lornes will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

   A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

   B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall file and forward them to the Chief Judge pursuant to D.C.COLO.CivR. 8.1 for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Finally, as noted above, Mr. Lornes must be given an opportunity to oppose imposition of these filing restrictions before they may be implemented. Therefore, Mr. Lornes will be directed to show cause why the filing restrictions discussed in this order should not be imposed. If Mr. Lornes fails to show good cause within the time allowed, the filing restrictions will be imposed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lornes files a notice of appeal he also must pay the full $505.00 appellate

Case 1:14-cv-01294-LTB   Document 33   Filed 07/07/14   USDC Colorado   Page 11 of 12

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 32) is denied and the action dismissed without prejudice for the failure of Applicant, William Lee Lornes, to file an amended application that complied with the directives of the order to amend of June 19, 2014.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Mr. Lornes show cause **within thirty (30) days from the date of this order** why the United States District Court for the District of Colorado should not enjoin him from filing any civil action in this Court, in which he is the proponent of a claim, without representation of an attorney licensed to practice in the State of Colorado, unless he first obtains leave of Court by a judicial officer to proceed *pro se* in the action.  It is

FURTHER ORDERED that if Mr. Lornes fails to show good cause within the time allowed, an order enjoining him from filing future *pro se* pleadings shall be entered by the Court.  It is

11

FURTHER ORDERED that any pending motions are denied as moot.

DATED July 7, 2014, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court